IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DORLETHA LAMBERT,
a/k/a Dorletha Otey or Brinkley                                                        PLAINTIFF
ADC #719450

v.                                          3:24-cv-00023-LPR-JJV

ARKANSAS DEPARTMENT
OF CORRECTIONS; *et al.*                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   INTRODUCTION

Dorletha Lambert ("Plaintiff") is a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"). She has filed a *pro se* Complaint alleging Defendants violated 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), the Americans with Disabilities Act ("ADA"), and the Arkansas Medical Malpractice Act by failing to properly treat her bed bug bites. (Doc. 2.) After careful consideration, I conclude the Complaint should be dismissed without

prejudice for the following reasons.[1]

## II.   DISCUSSION

The PLRA provides in part that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  While failure to exhaust administrative remedies is usually an affirmative defense, a court may dismiss a prisoner's claims *sua sponte* when it is clear from the face of the complaint the proposed claim has not been exhausted.  *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005); *Sherman v. Perkins,* No. 4:23-cv-500-BSM-ERE, 2023 WL 5255967 (E.D. Ark. July 13, 2023); *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456 (E.D. Ark. Apr. 17, 2023); *Stockton v. Page*, No. 4:23-cv-00007-JM-ERE, 2023 WL 1927483 (E.D. Ark. Jan. 26, 2023).

Plaintiff says in her Complaint that she fully exhausted only one grievance, MCP-23-1095, before filing this lawsuit and that she is waiting for a final ruling on the other grievances she has filed about her bed bug bites. (Doc. 2 at 7.)  But it is clear from the documents attached to the Complaint that ADC officials rejected MCP-23-1095 on procedural grounds, without addressing the merits, because it was illegible which is a violation of the ADC's rules.  (*Id*. at 12-14.)   Thus, Plaintiff did not properly exhaust the claims she is attempting to bring in this lawsuit in grievance MCP-23-1095.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion").

And the remaining grievances Plaintiff is waiting to receive a final ruling on are irrelevant because it is well settled a prisoner must complete all steps of the exhaustion process before filing a lawsuit in federal court. *See Booth v. Churner*, 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court" and dismissal is mandatory if "exhaustion was not completed at the time of filing") (emphasis in the original); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not complete at the time of filing). Accordingly, Plaintiff cannot proceed, in this lawsuit, with her admittedly unexhausted federal and state law claims.[2] *See Woodford*, 548 U.S. at 85 (Under the PLRA "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983"); Ark. Code Ann. § 16-106-301(a) (a prisoner cannot bring any "state law" claims until he or she "has exhausted all available administrative remedies").

Although that conclusion standing alone is enough to warrant dismissal, I write further to explain why the Complaint also fails to state plausible claims. First, the FTCA waives sovereign

---

[2] This conclusion does not prevent Plaintiff from filing a new lawsuit raising her claims after she has fully and properly completed the exhaustion process.

3

immunity and allows plaintiffs to hold the United States vicariously liable for negligent or otherwise wrongful acts committed by federal employees in the scope of their employment. *See* 28 U.S.C. § 1346; *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998). Because none of the named Defendants are federal employees, Plaintiff has not pled a plausible FTCA claim.

Second, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Hall v. Higgins*, 77 F.4th 1171, 1180-81 (8th Cir. 2023). To plead a plausible ADA claim, a plaintiff must provide facts suggesting: (1) she is a qualified individual with a disability; and (2) she was excluded from participation in or denied benefits of the prison's services, programs, or activities due to that disability. *Id.* Further, because Plaintiff seeks compensatory damages, she must also establish discriminatory intent. *Id.* Plaintiff has not provided facts satisfying any of these requirements. And the Eighth Circuit has clarified that an ADA claim cannot be based on improper "medical treatment decisions," which is what Plaintiff is alleging here. *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). Accordingly, I conclude she has not pled a plausible ADA claim.

Third, to plead a plausible § 1983 inadequate medical care claim under the Eighth Amendment, Plaintiff must provide facts suggesting: (1) she had an objectively serious medical need, and (2) each defendant subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). But she has not explained what medical care she received for bed bug bites, how that medical care was constitutionally inadequate, or how each Defendant, through his

or her own individual actions, failed to properly treat that condition. *See Iqbal,* 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (negligence, gross negligence, and a mere disagreement with the course of provided care are insufficient to establish deliberate indifference); *Shipp*, 9 F.4th at 703 (deliberate indifference, which is a high standard, requires facts suggesting the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk"). Thus, if Plaintiff chooses to refile her Eighth Amendment claim after properly exhausting her available administrative remedies, she will have to provide this additional information.

Finally, this federal court has jurisdiction to hear Plaintiff's state medical malpractice claim only if: (1) there is a diversity of citizenship; or (2) the state law claim is part of the same case or controversy as a federal claim over which the court has jurisdiction. *See* 28 U.S.C. §§ 1332, 1367. This case does not involve a diversity of citizenship. And, for the reasons explained, Plaintiff has not pled a plausible federal claim. Accordingly, the Court does not have jurisdiction to hear Plaintiff's state medical malpractice claim.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   The Complaint (Doc. 2) be DISMISSED without prejudice, and this case be CLOSED.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of March 2024.

                                            _____
                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE